| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ELKHART SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ELKHART | ) | Cause No. 20D01 1511-C4-189 |

JAMES LOUNSBURY,  )
     Plaintiff,  )
       )
v.  )
       )    NOV 30 2015
FOREST RIVER, INC.,  )
       )    CLERK ELKHART SUPERIOR
     Defendant.  )    COURTS 1 AND 2

## COMPLAINT

Comes now Plaintiff, by Counsel, and alleges against Defendant as follows:

1. The plaintiff is James Lounsbury ("Plaintiff"), a qualified employee with a serious medical condition constituting a disability/record of impairment/perceived disability. Plaintiff was over the age of forty (40), and an employee of Defendant in Elkhart County, Indiana at all material times to this Complaint.

2. The defendant is Forest River, Inc. ("Defendant"), a company doing business at 725 Industrial Pkwy, Elkhart, Indiana 46516. The defendant was an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). Additionally, Defendant was an "employer" for the purposes of the laws and public policies of the State of Indiana prohibiting employer retaliation against employees who utilize worker's compensation benefits for treatment and compensation of on-the-job injuries, as set forth in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973), and subsequent cases.

3. Plaintiff filed a Charge of Discrimination on or about December 4, 2014, EEOC

No. 470-2015-00656, a copy of which is attached hereto, incorporated herein and made a part hereof as Exhibit "A". The EEOC issued a Dismissal and Notice of Right to Sue letter on September 23, 2015, a copy of which is attached hereto and incorporated herein as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff worked for Defendant beginning in March 2014. Plaintiff was hired with the title of 'head receiver' and had experience as a forklift driver.

5. On or about April 4, 2014, Plaintiff was injured at work and notified his supervisor.

6. Plaintiff received treatment from the company doctor, but when he returned to work the following day Plaintiff was demoted to 'sweeper.'

7. When Plaintiff inquired about the demotion, he was told that he was "slow getting on and off of the forklift." Plaintiff replied, "I am 58 years-old and have been driving a forklift for 30 years." The reply from Plaintiff's supervisor was, "Well, when I am 58 years-old, I hope I have enough sense not to get on a forklift."

8. Plaintiff reported the supervisor's comment to human resources and explained his belief that he was being discriminated against on the basis of his age (over 40).

9. Shortly after complaining about age discrimination, on April 19, 2014, Plaintiff's pay was cut. Plaintiff complained that his pay was cut in retaliation for his complaints of age discrimination.

10. Human resources then held a meeting with Plaintiff and Plaintiff's supervisors. Plaintiff was placed back into his position as a forklift driver, but his pay remained at the lower rate. Further, on many occasions, Plaintiff was forced to pick up trash

and clean while his similarly-situated co-workers who had not complained of discrimination, and who were not over the age of 40, and who did not suffer from a disability/perceived disability/record of impairment or suffer a work-related injury requiring the utilization of worker's compensation benefits were not required to clean.

11. On or about June 5, 2014, Plaintiff went on leave to attend to his work-related injury/disability/perceived disability/record of impairment. The day that Plaintiff returned to work, on August 13, 2014, he was subjected to a driving test. Plaintiff's similarly-situated co-workers who had not complained of discrimination, and who were not over the age of 40, and who did not suffer from a disability/perceived disability/record of impairment or suffer a work-related injury requiring the utilization of worker's compensation benefits were not required to take a driving test.

12. On or about September 26, 2014, Plaintiff was notified that he was being laid off due to lack of work, but was subject to recall if work became available. Plaintiff has not, however, been called back to work.

13. At the time of the September 2014 lay-off, Plaintiff was the most senior forklift driver and was the only forklift driver with a proper license.

14. Since Plaintiff's lay-off, Defendant has hired a person under the age of 40, and who did not suffer from a disability/perceived disability/record of impairment or suffer a work-related injury requiring the utilization of worker's compensation benefits to replace Plaintiff in the forklift driver position.

15. Plaintiff contends that Defendant's proffered reason for his termination was false

and pretextual, and that the actual reason was retaliation for engaging in the protected activity of complaining about discrimination and/or discrimination due to his age (over 40), his disability/perceived disability/record of impairment, or in the alternative, for suffering from a work-related injury and utilizing worker's compensation benefits.

16. Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the plaintiff suffering the loss of his job and job related benefits including income, and subjected Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

17. Defendant's discriminatory and/or retaliatory conduct was intentional, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA and ADEA and Plaintiff's rights under the laws and public policies of the State of Indiana. Imposition of punitive damages is appropriate (where available), as is imposition of liquidated damages (where available).

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

_____
Lori W. Jansen, #19417-57
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      ljansen@myers-law.com
Attorney for Plaintiff

LWJ/js
S:\Lounsbury,James\Pleadings\Complaint 11.12.15.docx

5